The Court

determined, that a grant on a common warrant will pass lands which had escheated before, and that the proprietary may pass his interest in that way as well as by grant on an escheat warrant; and the court directed the jury, that if they were satisfied from the proof in this cause, that there was a failure of the heirs of Thomas Powell, antecedent to the grant of “ Thomas’s Adventure” that the grant of “ Thomas’s Adventure” will pass the lands originally granted to Thomas Powell, which is included within the bounds of “ Thomas’s Adventured’ Verdict for the plaintiff.
The following point was saved for the court’s opinion, to wit: It is agreed that Daubney Buckler Partridge, the father of the lessors of the plaintiff, duly executed his last will and testament, which is as follows, to wit; [Here follows the said will, the material devise whereof is as follows, to wit; Imprimis, I give and devise unto *341 my three sons, William Partridge, Daubney Buckler Partridge and John Partridge, all my tracts or parcels of land that I have now in possession, to them, their heirs and assigns for ever: But my will and meaning is, that my aforesaid two sons, William Partridge and John Partridge, shall have all those tracts or parcels of land belonging to me, called Thomas’s Adventure, part of Good Luck, Thomas’s Range, and the Glebe Land, to be equally divided in quantity, without having any regard to the quality, between my aforesaid two sons, William Partridge and John Partridge, their heirs and assigns for ever; and my will and meaning is, that my aforesaid son, William Partridge, shall have in his part all the aforesaid Glebe Land, and my son, John Partridge, to have in his part all the aforesaid Glebe Land, and my son John Partridge, to have in his part of the aforesaid lands all the plantation whereon I now dwell; and my will and meaning is, that my above-named son Daubney Buckler Partridge, his heirs and assigns, shall have all that tract or parcel of land called Ballstone, lying and being in the county aforesaid, between the mouth of Back River, and the mouth of Middle River, containing by estimation 150 acres of land more or less; and also one other tract or parcel of land called Richardson’s Neglect, lying and being in the county aforesaid, on the east side of the great falls of Gunpowder River, containing by estimation 36 acres of land more or less; and it is my will and meaning, that as my above-named two sonsi William Partridge and John Partridge, their shares of the above-named lands that I have given them, their heirs and assigns, being more in quantity than the lands I have given my above-named son, Daubney Buckler Partridge, his heirs or assigns, shall pay my aforesaid son, Daubney Buckler Partridge, his heirs or assigns, 15/. current money each,” See. See. Will dated 2d of April, 1767.] It is also agreed, that William and John Partridge, the said lessors of the plaintiff, and William and *342 John Partridge, in the said will mentioned, are the same Persons 5 an<f that the land mentioned in the said will by the name of Thomas’s Adventure, and the land for which this ejectment is brought, is the same land; and tjjat . iessors Qf the plaintiff derive their title under the said will, to the lands for which the said ejectment is brought; and that the said Daubney Buckler Partridge did die seised of the lands called “ Part of Good Luck,” “ Thomas’s Range” and “ The Glebe Land ’’ And the verdict of the jury, if given for the plaintiff in this cause, is to be subject to the opinion of the court upon this case stated, whether the lessors of the plaintiff in this ejectment, are entitled to recover upon this title; and if the court should be of opinion that the lessors of the plaintiff have not such a title as is sufficient to support this ejectment, then judgment to be given for the defendant.
Cpoke, for the appellee.
The ejectment is brought by the plaintiff below on two separate demises from William and John Partridge, as tenants in common of the land called Thomas’s Adventure; and the single question is, whether the said William and John are tenants in common of that tract under the will by which they claim l
It appears to me that the greatest ingenuity is necessary to raise an argument in support of the appellants; and that a plainer case never existed than the present in favour of the appellee.
By the first clause of the will, the testator gives a plain declaration of his intention to give all his land among his three sons, without designating any part for "either. *343 Had the will stopped there, they would have been joint tenants of the whole; but he then goes on and declares his two sons, William and John, shall have Thomas’s Adventúre, part of Good Luck, Thomas’s Range, and the Glebe Land,, to be equally divided between them in quantity, without regard to quality ; and that Daubney should have the lands of division on Deer Creek.
*342 The case was continued under a curia ad. vult. until this term, when the general court gave judgment upon the point saved, and verdict for the plaintiff.
The defendant appealed to the court of appeals, and the cause was argued at June term, 1796.
*343 If the will had stopped here, William and John would have been tenants in common of those four tracts devised to them, and Daubney would have had a separate estate in the lands on Deer Creek.
The testator further goes on to declare that in the division to be made between William and John, William should have in his part the Glebe Land, and John should have Good Luck. As to these two tracts, the testator has separated them and given a separate estate in the Glebe Land to William, and a separate estate in Good Luck to John ; but as each is to have an equal quantity of acres, the other two tracts are to be so divided as to make the quantity of the whole which each has equal, and until that division is made, William and John are tenants in common of Thomas’s Adventure and Thomas’s Range, because it is not known what part of either will belong to William, or what part of either to John.
Suppose, for instance, the Glebe Land contained 100 acres, the plantation called Good Luck, 300 acres, Thomas’s Adventure, 200 acres, and Thomas’s Range, 400 acres, in all 1,000 acres; as Good Luck must be in John’s part, and contains 200 acres more than the Glebe, which must be in William’s part, out of the remaining 600 acres John can only have 200, that is, 100 for Thomas’s Adventure, and 100 acres of Thomas’s Range, which would make the whole of his quantity 500 acres, and the residue of 400 acres would be the property of William; or it might happen that in the partition of Thomas’s Adventure and Thomas’s Range, the whole of Thomas’s Adventure would fall into the part of John, and *344 the whole of Thomas’s Range into the part of William,» but surely as to these two tracts, as they were in common, and it could not be known whether the whole or what part of either will belong to William or John before the partition, till that event takes place they must be tenants in common of those two tracts. They were not separate tenants of either, nor joint tenants, because there could be no survivor. The 1,000 acres was to be equally divided in quantity between them; then they must be tenants in common.
I need not cite cases to show that if there are two tenants in common of four tracts of land, that upon partition, it is not necessary that each must have a part of each tract. Certainly if the whole together is equally divided, it is good, though one entire tract should fall into the lot of one, and another entire tract into the lot of the other; yet till the partition is made, they are tenants in common of the whole. But if the law was otherwise, it would not operate against the appellee; for as to Thotnas’s Adventure, it is not separated by the will, nor by the act of the parties, and until it is, they can hold no other estate in it but as tenants in common.
Pinkney, for the appellees.
A tenancy in common depends, not upon unity of interest, title or time, but upon unity of possession. Thomas’s Adventure (which is the only tract for which the ejectment was brought) is not severed by the will, or by any act of the parties. There is no particular part of it of which William or John Partridge can be said to be sole seised, nor is either of them sole seised of the whole. Until a partition takes place, the distinct right of possession of the two tenants, as to Thomas’s Adventure and Thomas’s Range, (which contain unequal quantities, as well as Good Luck and the Glebe,) is not ascertained, and of consequence there is, and must be, a community of possession; neither knew his part, and of course neither can be separately seised ; and ip *345 virtue of their unity of possession they are tenants in Common.
Martin, (Attorney■'General,) for the Appellant.
The devise to William and John Partridge cannot be determined to be a tenancy in Common, consistent with the plainest and most familiar principles of law.
The testator being seised of a body of land composed of tracts adjacent to each other, to wit, Thomas’s Adventure, part of Good Luck, Thomas’s Range, and the GlebeLand, devises the Whole to his sons William and John, to be divided equally in quantity without regard to quality, and declares his meaning to be, that William should have in his part all the Glebe Land, and John should have in his part, the plantation, to wit, the part of Good Luck.
The true construction of which is, that the whole body of land should be divided in two equal parts according to quantity, by a line or lines drawn there through, so as to leave the plantation on the one part, and the Glebe Lands on the other; and that John was to hold in severalty the half containing the plantation, and William the half containing the Glebe Lands. The testator doth not say that he gives the Glebe Lands to William and the plantation to John, and then, that he gives Thomas’s Range and Thomas’s Adventure to them, to be equally divided. The words equally divided, are expressly applied as much to the Glebe Lands and the plantation, as to the other tracts; they are applied to all the tracts as forming an aggregate whole.
Nor was it his intention that Thomas’s Range and Thomas’s Adventure, should be equally divided between William and John. He only intended so much of them should be annexed to the Glebe Lands as would make the number of acres to William, equal to the number of acres held by John, contained in Good Luck, and the residuary part of Thomas’s Adventure and Thomas’s Range. He also intended the part of Thomas’s Range and Thomas’s *346 Adventure, which should be held by William, should be the part adjacent and most convenient to the Glebe Lands, and the part of those tracts which should be held by John, that which was adjacent to, and most convenient to the plantation, or the part of Good Luck.
The direction that the lands were to be equally divided in quuntity without regard to quality, also prove the testator had no design to create a tenancy in common.
Tenants in common are to have lands divided, having regard both to quantity and quality.
Each tenant in common has an equal interest in the lands, wherever situate, and an equal chance to have the lands in any part allotted to them on a partition.
If one tenant in common enters upon any part of the land and makes a profit, the other tenant can compel him tolUccount for a share of those profits.
But in the present case, the lands are not to be divided with regard to quality.

John

had no interest in the Glebe Lands, nor in a certain part of Thomas's Range and Thomas's Adventure, adjacent and convenient to the Glebe Lands; nor had William any interest in the plantation, and the other parts of Thomas's Adventure and Thomas's Range; nor could John have had the Glebe Lands and the portion of Thomas's Adventure and Thomas's Range, next adjacent, allotted to him on a partition; nor could William have the other part allotted to him.

William

had, from the first, a right to enter into the Glebe Lands, and a portion of the other lands adjoining, and take the profits without accounting to John; so had John a right to enter into the other parts and take the profits without accounting to William; each would have been trespassers had they entered upon the other parts respectively.
A man possessed of lands lying together, devises them to be equally divided between his two sons in quantity, without regard to quality, the eastern half to his son *347 A. and the western to his son B., they are not tenants in common, but tenants in severalty, each of their half.
The difficulty of ascertaining a division line in this or any other case, has no effect upon the question.
The devise in the present case, directs the land to be laid off in two equal halves, leaving the Glebe Lands in one half, and his plantation in the other; and gives John the half in which his plantation is, and the other half to William. They take their respective proportions in severalty, allotted by the testator, not to be allotted on a writ of partition.
The court of appeals affirmed the judgment of the general court at June term, 1796.
Martin, (Attorney-General,) for the appellant.
Cooke, Hollingsworth and Pinkney, for the appellees.